UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEMARIO MARKEL MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV189 SNLJ |
| | ) | |
| TORRANCE AKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's second amended complaint. Upon review, the Court finds that plaintiff's allegations fail to state a claim upon which relief can be granted. As a result, this action is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff alleges that he had an argument with defendant Torrance Akins, who is a correctional officer at the Pemiscot County Jail. After the argument was over, Akins followed plaintiff to his cell and assaulted him. Plaintiff says Akins choked him several times and pushed him, causing him to hit his head on the metal bunk. Plaintiff claims that Akins then strapped him in a restraint chair and choked him again.

## Discussion

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

In its Order dated December 28, 2015, the Court notified plaintiff that his first amended complaint failed to state a claim because he did not specify that he was suing Akins in his individual capacity. The Court directed plaintiff to file a second amended complaint. And the

Court issued the following warning, "**If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**." Because plaintiff failed to follow the Court's instructions, the Court will dismiss this matter without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 11th day of January, 2016.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE